SAMUEL CONY, *Treasurer, versus* STEPHEN BARROWS *& als.*

The statute prerequisites, to enable a party to maintain a suit upon a sheriff's official bond, are an injury suffered by the neglect or misdoings of the sheriff, and damages ascertained by a suit against him, and the rendition of judgment thereon.

No notice to his sureties of his default, or of the judgment against him, is necessary.

A delay of several years in bringing a suit on his bond, after judgment against him, will be no legal bar to the action, if there has been no contract, consideration or motive for the delay.

No legal presumption will arise from a lapse of time, less than twenty years, that the judgment has been satisfied.

ON FACTS AGREED.

THIS was an action of DEBT, upon the official bond of Jacob Trafton, deceased, as sheriff of the county of Waldo. The facts, in the statement of the case by the parties, sufficiently appear from the opinion of the Court.

*Gould,* for plaintiffs in interest.

*Abbott,* for defendants.

The opinion of the Court was drawn up by

CUTTING, J.—This case is presented on facts agreed, in substance as follows; viz., Jacob Trafton, on Feb. 5, 1834, having been duly appointed sheriff of Waldo county, gave his official bond, (now in suit,) of that date, to Mark Harris, then treasurer of the State. At the May term of this Court, held at Wiscasset in 1843, Samuel D. Bradford & al., (the present plaintiffs in interest,) recovered judgment for $73,76, damages, and $85,99, costs, against Trafton, for his alleged default in not serving and returning a writ issued in their behalf in 1835. On this judgment an execution was duly issued, and returned unsatisfied. At the time of the rendition of judgment, and for some seven or eight years afterwards, Trafton resided in the county of Waldo, and was the visible and real owner of a large amount of real and personal estates subject to attachment. None of his sureties were called upon to satisfy the judgment until after the decease of Trafton, which was ten or twelve years after its rendition. The writ in this case is dated Dec. 28, 1853.

The remedy of an aggrieved party on a sheriff's bond is prescribed by R. S. of 1857, c. 80, § 12, which does not vary essentially from that of R. S. of 1821, c. 91, § 6, and R. S. of 1841, c. 104, § § 13, 14. At present, "any person, injured by the neglect or misdoings of a sheriff, who has first ascertained the amount of his damages by judgment in a suit against him, &c., may, at his own expense, in the name of the treasurer, institute a suit on his official bond," &c.

The only statute prerequisites, to the maintenance of such a suit, are an injury suffered by the neglect or misdoings of the sheriff, and the damages ascertained by a suit against him and the rendition of judgment thereon. And the case finds that these requirements have been performed. It was not necessary to issue an execution, or to notify the sureties

of the default or of the judgment. Neither was the long delay in bringing this action any legal bar to its maintenance, for the case discloses no contract, consideration or motive for such neglect. *Leavitt* v. *Sawyer*, 16 Maine, 72, and the cases there cited, contain much law upon this subject, to which those particularly interested are referred. No time short of twenty years can raise the legal presumption that the judgment has been satisfied.

*Defendants defaulted.*

TENNEY, C. J., and APPLETON, MAY, DAVIS, and KENT, J. J., concurred.